```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
WILLIE MENDEZ,                                               :
                                   Plaintiff,                :
                                                             :        18 Civ. 1636 (LGS)
                      -against-                              :
                                                             :              ORDER
JBIRD ONE LLC, et al.,                                       :
                                   Defendants.               :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this is a wage and hour case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.*  (Dkt. No. 1)

WHEREAS, on July 19, 2018, the parties informed the Court that they had reached an agreement regarding all terms of settlement and "anticipate[d] full execution of the settlement agreement within one week."  (Dkt. No. 23)

WHEREAS, the parties requested until August 9, 2018, to file their joint application for approval of the settlement agreement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The Court granted the parties' application.  (Dkt. Nos. 23 & 24)

WHEREAS, on August 9, 2018, counsel for Plaintiff stated that although Defendants had signed the settlement agreement, counsel had been unable to obtain Plaintiff's signature.  Counsel stated that Plaintiff's parents had informed him that Plaintiff was in the Dominican Republic, and that there was no specific return date.  Counsel requested that the deadline for the parties to file their *Cheeks* materials be extended to September 5, 2018. (Dkt. No. 25)

WHEREAS, the Court granted the extension.  (Dkt. No. 26)

WHEREAS, on September 4, 2018, counsel for Plaintiff informed the Court that Plaintiff still had not signed the settlement agreement because he remained in the Dominican Republic,

without a reliable means of communication.  Counsel stated that he had repeatedly tried to contact Plaintiff by his last known address and cellular telephone number, to no avail.  Plaintiff requested that the deadline for the parties to file their *Cheeks* materials be extended to October 9, 2018.  (Dkt. No. 27)

WHEREAS, the Court granted the extension.  (Dkt. No. 28)

WHEREAS, the parties did not file their *Cheeks* materials by October 9, 2018.

WHEREAS, on October 12, 2018, the Court scheduled a conference for October 23, 2018, to restore the case to a litigation track.  The Court stated that if the parties filed their *Cheeks* materials by October 19, 2018, the conference would be cancelled.  (Dkt. No. 29)

WHEREAS, on October 18, 2018, counsel for Plaintiff informed the Court that Plaintiff was still in the Dominican Republic and therefore unable to sign the settlement agreement.  Counsel said that he was able to reach Plaintiff by telephone, and that Plaintiff stated his intention to return to New York City during the first week of December 2018 for the specific purpose of signing the settlement agreement.  The parties requested that the Court grant a "final extension" of the deadline for filing *Cheeks* materials to December 14, 2018.  (Dkt. No. 30)

WHEREAS, the Court granted the extension.  The Court adjourned the conference to December 20, 2018, and stated that if the parties filed their *Cheeks* materials by December 14, 2018, the conference would be cancelled.  (Dkt. No. 31)

WHEREAS, the parties did not file their *Cheeks* materials by December 14, 2018.

WHEREAS, on December 17, 2018, counsel for Plaintiff informed the Court that since counsel's telephone call with Plaintiff, he had "not received any communication from Plaintiff." (Dkt. No. 32)

WHEREAS, on December 20, 2018, a status conference was held.  At the conference, counsel stated that he understood Plaintiff to still be in the Dominican Republic.  Counsel further stated that he had attempted to contact Plaintiff by telephone and certified mail without success.  Counsel stated that he could not represent to the Court when Plaintiff would return to the United States.

WHEREAS, the Court granted a final extension of the deadline for the parties to file their *Cheeks* materials, to February 14, 2019, at 11:00 a.m.  The Court ordered Plaintiff, at that date and time, to show cause why the case should not be dismissed for failure to prosecute.  The Court stated that if the parties' *Cheeks* materials were filed before the time of the show cause hearing, the Court's Order would be vacated and the hearing cancelled.  (Dkt. No. 33)

WHEREAS, on February 14, 2019, at 11:00 a.m., a show cause hearing was held, and counsel for Plaintiff was given an opportunity to be heard.  Counsel confirmed that Plaintiff had again failed to sign the settlement agreement and the parties therefore had not filed their *Cheeks* materials.  It is hereby

**ORDERED** that this action is **DISMISSED** without prejudice.  Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute."  Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84

F.3d 532, 535 (2d Cir. 1996); *accord Short v. City of New York*, No. 15 Civ. 6465, 2018 WL 6618818, at *1 (S.D.N.Y. Dec. 18, 2018). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216; *accord Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, No. 17-775-cv, 2018 WL 4520123, at *1 (2d Cir. 2018) (summary order). "Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *accord Williams v. City of New York*, No. 17 Civ. 5676, 2018 WL 4042108, at *1 (S.D.N.Y. Aug. 23, 2018).

The first factor, the duration of Plaintiff's failure to comply with court orders, weighs in favor of dismissal. The parties were initially ordered to file their *Cheeks* materials by August 9, 2018 -- over six months ago. In that time, no progress whatsoever has been made in obtaining Plaintiff's signature. This is a significant delay for purposes of Rule 41(b). *See Morris v. Porter*, No. 10 Civ. 2404, 2011 WL 3665378, at *2 (S.D.N.Y. Aug. 19, 2011) ("[T]he plaintiff has failed to execute a settlement agreement with [the defendant] and dismiss his complaint voluntarily, leaving this case at a standstill for approximately six months. Hence, the Court finds that the first factor weighs in favor of dismissal."); *see also Estevez v. Consol. Bus Transit, Inc.*, No. 15 Civ. 7634, 2018 WL 1737135, at *2 (S.D.N.Y. Jan. 25, 2018) (holding that plaintiff's non-compliance and lack of communication with the court for a period of five months weighed in favor of dismissal); *Osborn v. Montgomery*, No. 15 Civ. 9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("Plaintiff has gone incommunicado since September 17, 2017. This has stalled the case for at least five months, a duration of sufficient significance so as to tip in favor of dismissal as a matter of law."), *report and recommendation adopted*, 2018 WL 2059842 (S.D.N.Y. May 1, 2018). *See generally George v. Roberts*, No. 17 Civ. 3684, 2018 WL 1517203, at *6 n.7 (S.D.N.Y. Mar. 26, 2018) ("Courts within this Circuit have found that a

plaintiff's inactivity for a period of six months to almost two years is sufficient to dismiss a complaint for failure to prosecute.").

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. On December 20, 2018, the Court notified counsel for Plaintiff, at a status conference and in a subsequent Order, that the case would be dismissed for failure to prosecute if the parties did not file their *Cheeks* materials by February 14, 2019, at 11:00 a.m. The Court's Order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218. This constitutes sufficient notice for purposes of Rule 41(b). *See Short*, 2018 WL 6618818, at *2 ("Plaintiff was on notice that his failure to comply would result in dismissal: the Court issued an order explicitly warning Plaintiff that this action would be dismissed if he failed to respond."); *Lopez v. Pichardo 2230 Rest. Corp.*, 734 Fed. App'x 16, 18 (2d Cir. 2018) (summary order) (holding that district court's issuance of Order to Show Cause satisfied Rule 41(b) notice requirement).

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs in favor of dismissal. "One significant purpose of a settlement agreement is to resolve a case quickly to avoid further proceedings and associated expenses." *Rodriguez v. Cavala Café Corp.*, No. 14 Civ. 8907, 2016 WL 4467557, at *2 (S.D.N.Y. Aug. 22, 2016). By failing to sign the settlement agreement over a period of six months, "Plaintiff has failed to ensure the approval of the settlement and thereby has prevented Defendants from obtaining this benefit of settlement." *See id.* Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993); *accord Rudder v. Jimenez*, No. 11 Civ. 3453, 2014 WL 1349047, at *5 (S.D.N.Y. Apr. 7, 2014) ("Generally, the degree of prejudice caused begins to weigh in favor of granting a defendant's

motion to dismiss with a delay of six months."), *report and recommendation adopted*, 2014 WL 2855012 (S.D.N.Y. June 23, 2014).

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535–36; *accord Pratt v. City of New York*, No. 16 Civ. 8278, 2018 WL 3154613, at *4 (S.D.N.Y. June 28, 2018). Here, the Court has devoted an inordinate amount of time overseeing what should have been a straightforward FLSA settlement. Since the parties announced their settlement, the Court has had to issue six separate orders and preside over a status conference and a show cause hearing. Even before the settlement had been reached, the parties failed to comply with court deadlines, creating additional administrative burdens on the Court. (Dkt. Nos. 14 & 21) Although failure to execute a settlement agreement is, in some cases, "silent and unobtrusive," *Morris*, 2011 WL 3665378, at *2, in this case the parties' repeated non-compliance with the Court's orders has made this case particularly burdensome. *See Rodriguez*, 2016 WL 4467557, at *2 ("[T]he Court's interest in balancing its docket outweighs Plaintiff's interest in this case in receiving a fair chance to be heard. Plaintiff has repeatedly failed to comply with the Court's orders, which has required the Court to issue additional orders prompting the Plaintiff to comply."). Still, because this burden is not "extreme," *Lucas*, 84 F.3d at 355, the Court finds that this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. No lesser sanction would prompt Plaintiff to comply -- indeed, Plaintiff's own lawyer has been unable to ascertain if and when Plaintiff will

return to the United States to execute their settlement agreement.  Under these circumstances, dismissal is appropriate.  *See Rodriguez*, 2016 WL 4467557, at *3 (holding that no lesser sanction than dismissal existed where parties had failed to execute settlement agreement and plaintiff failed to otherwise pursue claims); *Morris*, 2011 WL 3665378, at *2 (same).

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  To the extent the parties reached an out-of-court settlement, the parties' settlement is not approved by this Court as required by Rule 41.  *See Cheeks*, 796 F.3d at 206 (holding that Rule 41 stipulated dismissals settling FLSA claims with prejudice require approval of the district court or Department of Labor).

The Clerk of Court is respectfully directed to close the case.


Dated: February 14, 2019
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**